

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2008

# Smith v. Shady

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4536

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Smith v. Shady" (2008). *2008 Decisions*. Paper 1475.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1475

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4536
_____

BENJAMIN SMITH,
                                        Appellant
v.

OFFICER SHADY; SGT. KARCHNER; LT. KNEPP; LT. DALE;
MR. KESTETTER; LT. KEARN; MUHAMMAD AJJEH-CHAPLAIN;
CAPTAIN EATON; MR. DICKSON; FRANCIS DOUGHERTY; FRANKLIN
TENNIS; DAVID VAUGHN; JEFFREY BEARD; EARL WALKER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-02663)
District Judge:  Honorable John E. Jones III

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
February 14, 2008

Before: AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 4, 2008)
_____

OPINION
_____

PER CURIAM

        Benjamin Smith appeals the District Court's order dismissing his § 1983 action.

The procedural history of this case and the details of Smith's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Smith filed a complaint alleging sexual assault, inadequate investigation, and retaliation. On May 1, 2007, Smith refused to be deposed by appellees' counsel despite counsel's warning that appellees would move to have the case dismissed as a sanction. The District Court denied appellees' motion for sanctions to the extent that it sought dismissal but warned Smith that a failure to be deposed would result in the dismissal of his case. On June 11, 2007, Smith appeared for the deposition but refused to participate and gave non-responsive answers. The District Court granted appellees' motion for sanctions and dismissed the action by order entered October 25, 2007. Smith's notice of appeal, dated November 25, 2007, was received by the District Court on December 3, 2007.

Smith's notice of appeal was not received by the District Court until after the time to appeal expired on Monday, November 26, 2007. However, because Smith swore under penalty of perjury that it was given to prison officials for mailing on November 26, 2007, we find that the notice of appeal was timely filed. See Fed. R. App. P. 4(c). Thus, we have jurisdiction over the appeal.

Because appellant is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii)

2

fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We review the District Court's order dismissing the action for as a sanction for an abuse of discretion. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). "Dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases." Poulis, 747 F.2d at 867-8 (citation omitted). In Poulis, we set forth six factors to be balanced in deciding whether to dismiss a case as a sanction:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). In determining whether the District Court has abused its discretion, we examine its balancing of these factors and whether its findings are supported by the record.

We agree with the District Court that Smith was personally responsible for his refusal to submit to the deposition and that the appellees were prejudiced by his conduct. Smith's bad faith was evidenced by the lack of merit of his reasons for refusing and the verbal games he played at the second deposition. His prior refusal to submit to a deposition demonstrates his history of dilatoriness. As for the effectiveness of other

3

sanctions, the District Court noted that its prior warning and disallowance of Smith's discovery requests were ineffective sanctions for his refusal to participate in his first deposition. The District Court noted that, based on the pleadings, Smith's claims may have merit.[1] However, the District Court found that the balance of the Poulis factors weighed in favor of dismissal. We agree.

For the above reasons as well as those set forth by the District Court, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).

---

[1] While we do not reach the merits of Smith's claims, we note that his allegations that an appellee scratched his penis causing it to bleed in four places and hurt for ten days were not mentioned in his grievance or original complaint. As for Smith's claims that his cable service was turned off in retaliation for complaining about the alleged sexual assault, we note that it appears from his own grievances that the service was turned off because he did not have sufficient funds in his account. As for his claims that his legal mail was opened in retaliation, it appears that his mail was opened according to prison policy.

4